hDAVID S. GORBATY, Judge.
Personal injury plaintiffs/applicants . suing on the basis of defective premises are seeking to prevent defendants/owners, Greater Lakeside Corporation and Causeway Associates (hereinafter Lakeside) from introducing evidence of fault or negligence on the part of architects, contractors, etc., involved in the original construction of Lakeside Shopping Center over 25 years ago. For the following reasons, we invoke the supervisory jurisdiction of this Court to reverse the ruling of the trial court and grant plaintiffs’/applicants’ Motion in Limine.
The following codal articles are applicable to this case:
Louisiana Civil Code art. 2317, which reads as follows:
We are responsible,-not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
*601 Louisiana Civil Code art. 2317.1, which reads as follows:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the | ^application of the doctrine of res ipsa loquitor in an appropriate case.
Louisiana Civil Code art. 2322, which reads as follows:
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitor in an appropriate case.
Pursuant to these articles the owner of the budding is solely responsible for damages caused due to vices and/or defects in the building. This is a non-delega-ble duty vis-a-vis persons who claim injury due to vices or defects in the building. This is not to say, however, that the owner of a building cannot seek indemnity or contribution from a third-party for its possible negligence in causing the vices or defects.
However, in the instant case, the building in question was constructed more than 25 years ago. As such, the original architects, contractors, etc., are protected from liability pursuant to La.'Rev.Stat. 9:2772, which provides for a peremptive period of seven years. Therefore, Lakeside cannot seek indemnity or contribution from them.
We do not believe, as defendants suggest, that it was the intent of the Legislature in enacting La. Civ.Code art. 2323 to abrogate the effect of articles 2317, 2317.1 and 2322. The clear and unambiguous language of those articles leads to the logical conclusion that an owner of a building cannot delegate its duty | ato maintain the building to other parties. Accordingly, we find it would be improper to allow Lakeside to introduce evidence of fault or negligence on the part of the architects, contractors, etc., of Lakeside Shopping Center at trial.
For the above reasons, we reverse the ruling of the trial court denying plaintiffs’ Motion in Limine.
WRIT GRANTED; JUDGMENT REVERSED.